UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| VALERIE PERRY by and through JEFFREY PERRY as Next Friend,<br><br>Plaintiff,<br><br>vs.<br><br>DILLARDS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:12CV01127AGF<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM and ORDER

This matter is before the Court on Defendant's motions for sanctions (Doc. No. 18) and to recover attorney's fees and costs associated with the filing of its motion to compel a supplemental response to Interrogatory 14.  (Doc. No. 26.)

The Federal Rules permit the imposition of sanctions for failure to comply with court orders and discovery requests from opposing parties. Where a motion to compel has been filed, Rule 37(a)(5)(A) provides:

> (A) If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.
>
> But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Upon consideration of Plaintiff's responses to these motions, the Court concludes that there is an insufficient basis for an award of sanctions or fees and costs. The Court is satisfied that Plaintiff made a good faith, although ultimately insufficient, effort to provide timely, thorough discovery responses. It further appears that Plaintiff's efforts were thwarted in part by factors outside his control, such as the death of Plaintiff's next friend and errors in the completion of authorization forms. There is no evidence of bad faith or purposely evasive behavior on Plaintiff's part. Moreover, it appears to the Court that had Defendant made further efforts to resolve this matter prior to filing its motions to compel, that some, if not all of the difficulties at issue here might have been avoided. *See, e.g., Young v. Dornan,* No. 8:07CV265, 2008 WL 4372819, at*3 (D. Neb. Sept. 23, 2008) (denying request for attorney's fees where counsel attempted to cooperate in discovery and neither acted in bad faith nor for an improper purpose).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sanctions (Doc. No. 18) and request for an award of attorney's fees and costs (Doc. No. 26 ) shall be **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.