UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE PERRY by and through JEFFREY PERRY as Next Friend, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV01127AGF |
| DILLARDS, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM and ORDER**

This matter is before the Court on its own motion.  "It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case. This obligation includes the concomitant responsibility  'to consider sua sponte [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'"  *Hart v. U.S.,* 630 F.3d 1085,1089 (8th Cir. 2011) (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

Upon review of the file, the Court questions whether the $75,000.00 jurisdictional amount in controversy requirement can be satisfied here.  Defendant, the removing party and the party invoking federal jurisdiction, must prove the requisite amount by a preponderance of the evidence.  *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).  To satisfy that standard, Defendant must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall show cause in writing on or before **Monday, February 11, 2013**, why this matter should not be remanded or dismissed for lack of subject matter jurisdiction.

*[signature: Audrey G. Fleissig]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013.